THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

APR -6 1971

IN RE BROWN COMPANY SECURITIES ) DOCKET NO. 67
LITIGATION )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL

PER CURIAM

The actions listed on Schedule A were all brought by persons who held Brown Company Preferred Stock on June 9, 1970, the date of the merger between Brown and one of its subsidiaries. Sometime in May, Brown mailed a Proxy Statement to its stockholders to obtain their approval of the merger and of the proposed conversion of Brown Preferred Stock into Brown Company Debentures and Warrants. These actions were approved at a special stockholder meeting held on June 9, 1970.

The plaintiffs allege that the May Proxy Statement was false and misleading in several material respects and that they and the other Brown Preferred stockholders received substantially less than the fair value of their interest in Brown. All but one are brought as class actions on behalf of all Brown Preferred Stockholders seeking rescission, damages and other related relief.

---

\* Judges Edward Weinfeld and Stanley A. Weigel were unable to attend the hearing in this matter but, with the consent of all parties, participated in this decision.

- 2 -

The major defendants have moved to transfer all related actions to the Southern District of New York for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. The decision on this motion is an easy one for not only do nearly all parties favor transfer under section 1407, but they all agree that such a transfer should be to the United States District Court for the Southern District of New York.[1/] In addition, counsel for the Brown Company presented clear and cogent reasons for such a transfer at the hearing before us on February 26, 1971.

The Brown Company, one of the corporate defendants, has main offices in the Southern District of California and in the Southern District of New York. Its corporate records are located in California, New York and Michigan but the New York office is said to be "an ideal repository for the rather voluminous records that will be required during the course of these depositions." Gulf & Western, the other corporate defendant, is a Delaware corporation with its main office in the Southern District of New York. Their officers, directors and knowledgeable personnel are said to be all in New York City. With respect to the thirteen individual defendants, nine are residents of New York and one is moving to New York. The others

---

[1/] The one individual plaintiff has advised the Panel that he does not oppose transfer and has no preference for any particular judicial district. His office is in New York City and he will be caused no inconvenience by the transfer of these cases to that district.

- 3 -

are conveniently located to New York and come to New York on business regularly. Many of the expert witnesses who will testify come from New York City.

It is clear that this is complex securities litigation involving many complex questions of fact common to all cases. The additional fact that most of these actions are brought as class actions on behalf of *the same class* practically compels their transfer to a single district so as to avoid overlapping or inconsistent class action rulings.[2] *In re Air Fare Litigation*, ____ F. Supp. ____ (JPML 1971) For these reasons, it is manifest that the convenience of the parties and their witnesses and the just and efficient conduct of this litigation will be furthered by the transfer of these cases to the Southern District of New York for coordinated or consolidated pretrial proceedings under section 1407.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A which are pending in other districts be and the same are hereby transferred to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. With the consent of that court, these actions are hereby assigned to the Honorable Alvin B. Rubin of the Eastern District of Louisiana who has been assigned to the Southern District of New York for the purpose of conducting pretrial proceedings in these cases.

---

[2] We are told that at least two of these class actions have already been approved and the transferee judge will have to reconcile any overlap between them.

DOCKET NO. 67                                             SCHEDULE A

## SOUTHERN DISTRICT OF NEW YORK

J. Wolfe Golden & Fannette P. Stone, etc.     Civil Action
v. Gulf & Western Industries, Inc., et al.    No. 70 Civ. 5371

Henry Fogler v. Brown Company                 Civil Action
                                              No. 70 Civ. 3474

## WESTERN DISTRICT OF PENNSYLVANIA

Raymond W. Cromer & Marybelle K. Cromer       Civil Action
v. Brown Company, et al.                      No. 70-1412

## EASTERN DISTRICT OF PENNSYLVANIA

Michael Shapiro, etc. v. Gulf & Western       Civil Action
Industries, Inc., et al.                      No. 71-186